UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE BELTINCK, et al.,

      Plaintiffs,

                                 Case No. 1:25-cv-1374

v.

                                 HON. JANE M. BECKERING

JOCELYN BENSON, et al.,

      Defendants.

_____/

**OPINION AND ORDER**

Plaintiffs Stephanie Beltinck and Shelly Lake, representing themselves pro se, initiated this action on November 5, 2025 by filing a complaint pursuant to 42 U.S.C. § 1983.  Plaintiffs subsequently filed a First Amended Complaint alleging procedural due process claims against three Michigan election officials (the "Defendants") and further alleging that Defendants violated certain provisions of the Help America Vote Act ("HAVA") (*see generally* FAC, ECF No. 18).  Defendants moved to dismiss, arguing that the Court lacks subject matter jurisdiction and that Plaintiffs have failed to state a plausible claim for relief (Mot., ECF No. 56).  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, ECF No. 71) recommending that the Court dismiss for lack of subject matter jurisdiction.[1]  *See Murray v. U.S. Dep't of Treasury*, 681 F.3d 744, 748 (6th Cir. 2012) (noting that a federal court must dismiss an action for lack of subject matter jurisdiction if a plaintiff fails to establish standing).

---

[1] Adoption of the Report and Recommendation at bar (ECF No. 71) would moot Plaintiffs' motion for injunctive relief (*see* ECF Nos. 2 & 21) and the prior Report and Recommendation (ECF No. 16) recommending that the Court deny Plaintiffs' motion for injunctive relief.

The matter is presently before the Court on Plaintiffs' objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has reviewed de novo those portions of the Report and Recommendation to which objections have been made. Plaintiffs' filing lists six separately-numbered objections (Obj., ECF No. 75 at PageID.768–779). Defendants have submitted responses to each objection (*see generally* Def. Response, ECF No. 76). The Court will address the objections ad seriatim. For the following reasons, the Court will deny the objections and adopt the Report and Recommendation.

Plaintiffs first object that the Magistrate Judge erred by failing to recognize that the First Amended Complaint "arises from what Defendants allegedly did to Plaintiffs' own [HAVA] complaint proceedings," giving rise to a cognizable injury for standing purposes (Obj., ECF No. 75 at PageID.768–769). This objection fails at the outset because it does not "specifically identify" the portions of the Report and Recommendation to which it applies, violating this Court's rules. *See* W.D. Mich. LCivR 72.3(b); *Hayes v. Comm'r of Soc. Sec.*, 895 F.3d 449, 453 (6th Cir. 2018) (noting that a district court's local rules carry the "force of law") (citing *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010); *Wilson v. Comcast Cable Commc'ns Mgmt.*, LLC, No. 15-1009, 2016 WL 11782544, at *1 (6th Cir. Mar. 18, 2016) ("Pro se litigants are required to follow procedural rules.") (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Plaintiffs' first objection also fails because it repeats arguments made to the Magistrate Judge without articulating any specific factual or legal error in the Report and Recommendation. *See* Pl. Opp. to MTD, ECF No. 62 at PageID.670, 673–678 (memorializing Plaintiffs' redundant arguments); *Evans v. Ordiway*, No. 2:24-CV-36, 2026 WL 309173, at *4 (W.D. Mich. Feb. 5, 2026) ("Plaintiff merely reiterates his arguments presented before the magistrate judge, which are not valid objections to a report and recommendation. An 'objection' that merely 'restates the arguments previously presented is not

2

sufficient to alert the court to alleged errors on the part of the magistrate judge.'") (citing *Peacock v. Comm'r of Soc. Sec.*, No. 1:15-CV-572, 2016 WL 2997429, at \*1 (W.D. Mich. May 25, 2016)); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("Such duplication defeats the purpose of the Federal Magistrates Act[.]").  Notably, Plaintiffs do not meaningfully engage with the Magistrate Judge's analysis of *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339–41 (2016) ("[A plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III.") or *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021) (*see* R&R, ECF No. 71 at PageID.742–749).  The Court concludes that Plaintiffs' first objection lacks merit (*accord* Def. Response, ECF No. 76 at PageID.790, 793).

Second, Plaintiffs object that the Magistrate Judge erred because Plaintiffs sufficiently "pleaded [a] concrete injury" and established "traceability and redressability" (Obj., ECF No. 75 at PageID.769–772).  Again, Plaintiffs repeat arguments that they made to the Magistrate Judge without identifying factual or legal error in the Report and Recommendation.  *See, e.g.,* R&R, ECF No. 71 at PageID.746–747 ("Plaintiffs cite no case for the proposition that a plaintiff may create standing by marrying a procedural violation with a generalized grievance. Indeed, *Spokeo* and *TransUnion* preclude such a result because an injury must be both concrete and particularized.");  *Evans*, 2026 WL 309173 at \*4 (addressing repetition of arguments previously rejected by the Magistrate Judge); *Miller*, 50 F.3d at 380 (same); *accord* Def. Response, ECF No. 76 at PageID.791, 793–795.  Plaintiffs' second objection lacks merit.

Third, Plaintiffs object that *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982), indicates that they have established Article III standing (Obj., ECF No. 75 at PageID.772–774).  Plaintiffs raised these arguments to the Magistrate Judge (*see* Def. Response, ECF No. 76 at PageID.791, 795–797), and the Magistrate Judge expressly distinguished *Logan* given the facts at issue here

(*see* R&R, ECF No. 71 at PageID.747 & n.3, citing *Wisconsin Voter Alliance v. Millis*, 166 F.4th 627 (7th Cir. 2026)).  The Court concludes that this is not a proper objection, *see Evans*, 2026 WL 309173 at \*4; *Miller*, 50 F.3d at 380, given that Plaintiffs again fail to demonstrate error in the Report and Recommendation.  Plaintiffs' third objection lacks merit.

Fourth, Plaintiffs object that the Magistrate Judge should have applied *Democratic Party v. Blackwell* to conclude that they have established standing (Obj., ECF No. 75 at PageID.774–777).  *See Blackwell,* 387 F.3d 565, 572 (6th Cir. 2004) (narrowly interpreting a HAVA provision not at issue here regarding the right to cast a provisional ballot and relying on decades-old and subsequently-clarified Supreme Court precedent).  Plaintiffs further argue that the Magistrate Judge erred by relying on *Wisconsin Voter Alliance v. Millis*, which distinguishes *Blackwell* given more recent Supreme Court case law and which indicates that Plaintiffs lack standing.  *See* 166 F.4th 627, 635 (7th Cir. 2026) (citing *Medina v. Planned Parenthood S. Atl.*, 606 U.S. 357, 368 (2025)).  Plaintiffs previously raised this argument to the Magistrate Judge (*see* Def. Response, ECF No. 76 at PageID.791–792).  The Report and Recommendation examines the applicability of *Millis* and explains why *Blackwell* does not control on these facts (*see* R&R, ECF No. 71 at PageID.747–749).  Additionally, according to Defendants, "Plaintiffs claim that their injury is distinct from what the Seventh Circuit rejected [in *Millis*], but the supposed difference is superficial" and Plaintiffs' "objection fails to address the analysis of either the Magistrate Judge or the Seventh Circuit" (Def. Response, ECF No. 76 at PageID.798–799).  Defendants are correct. Plaintiffs identify no authority indicating that the Sixth Circuit would expand *Blackwell*'s holding to cover the factual situation at bar—*Millis* provides recent and persuasive federal appellate authority to the contrary.  *See* R&R, ECF No. 71 at PageID.747–749; *Millis*, 166 F.4th at 634 ("This statute, by contrast, does not include rights-creating language . . . [and does not speak]

4

about a discrete class of protected individuals . . . . It is no wonder that the Supreme Court, even before it restricted the implied rights doctrine in *Medina v. Planned Parenthood*, disfavored § 1983 claims designed to enforce HAVA."). At bottom, Plaintiffs' redundant arguments do not qualify as a proper objection to the Report and Recommendation and fail to identify error in the Magistrate Judge's analysis. *See Evans*, 2026 WL 309173 at *4; *Miller*, 50 F.3d at 380. Plaintiffs' fourth objection lacks merit.

Fifth, Plaintiffs object that the Report and Recommendation "effectively allows doubts about the ultimate merits of a section 1983 claim under HAVA section 402 to do the work of Article III standing," citing *Blackwell* (Obj., ECF No. 75 at PageID.777–778). Again, this objection fails at the outset because it does not "specifically identify" the portions of the Report and Recommendation to which it applies, violating this Court's rules. *See* W.D. Mich. LCivR 72.3(b); *Hayes*, 895 F.3d at 453. Defendants distinguish *Blackwell* in their response to this objection, just as they did in their briefing before the Magistrate Judge (*see* Def. Response, ECF No. 76 at PageID.799–800). The Court concludes that Plaintiffs have failed to raise a proper objection, and they have failed to identify factual or legal error in the Report and Recommendation. *See Evans*, 2026 WL 309173 at *4; *Miller*, 50 F.3d at 380. Plaintiffs' fifth objection lacks merit.

Sixth, Plaintiffs object that any failure on their part to address arguments raised by Defendants in their motion to dismiss briefing before the Magistrate Judge "does not support dismissal of the case as a whole" (Obj., ECF No. 75 at PageID.778). Defendants respond that in "this objection, Plaintiffs do not claim that they made any arguments responsive to Defendants' challenge to the sufficiency" of the counts at issue (Def. Response, ECF No. 76 at PageID.800–802). Plaintiffs fail to engage with the Magistrate Judge's analysis on this point or to identify error therein, and the Court concludes that this objection lacks merit.

In sum, Plaintiffs' objections fail to undermine the Magistrate Judge's conclusions.  This Court will adopt the Magistrate Judge's Report and Recommendation as the Opinion of this Court, granting Defendants' motion to dismiss for lack of subject matter jurisdiction.  Dismissal would "ordinarily include an opportunity to amend," but Plaintiffs have previously amended their complaint, no motion to amend is currently pending, Plaintiffs have not submitted a proposed amended complaint, and the "Court's lack of subject matter jurisdiction [would render] amendment futile."  *See Deters v. Barrett*, No. 1:25-CV-640, 2026 WL 157676, at *13 (S.D. Ohio Jan. 16, 2026); *Chaney v. Patch*, No. 1:23-CV-1181, 2023 WL 8826649, at *2 (W.D. Mich. Dec. 21, 2023) ("[A]ny amendment would be futile as it 'could not withstand a motion to dismiss' for lack of subject matter jurisdiction[.]") (quoting *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992)).  A Judgment will enter consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.

Accordingly:

**IT IS HEREBY ORDERED** that Defendant Jocelyn Benson's motion for joinder and concurrence in Defendants' response to Plaintiffs' objections (ECF No. 78) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiffs' objections (ECF No. 75) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 71) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (ECF No. 56) is GRANTED and the Court DISMISSES the First Amended Complaint for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for injunctive relief (ECF Nos. 2 & 21) and the separate Report and Recommendation of the Magistrate Judge recommending that the Court deny Plaintiffs' motion for injunctive relief (ECF No. 16) are DISMISSED AS MOOT.


Dated: April 8, 2026                                            /s/ Jane M. Beckering
                                                                JANE M. BECKERING
                                                                United States District Judge